## ASSESSMENT FOR TOWNSHIP DITCH IN EXCESS OF BENEFITS.

Circuit Court of Fairfield County.

BENONI STEMEN V. BAKER G. HIZEY ET AL.

Decided, September 18, 1908.

*Ditches—Injunction Lies against Assessment by Township Trustees, When—Appeal—Error—Sections 4533, 4539, 4560 and 4491.*

1. There is no provision for an appeal by a property owner who complains that the assessment which has been levied on his land for the improvement of a township ditch is unjust and unreasonable in that it is grossly in excess of the benefits which he will receive from the improvement.

2. Nor will error lie in such a case, inasmuch as there is no provision for a bill of exceptions, and even if the transcript of the record of the township trustees were brought up, it would be of no assistance in determining the question whether the assessment exceeds the benefits.

3. But where the complaining owner alleges that the assessment laid upon his land is grossly in excess of the benefits conferred, injunction will lie notwithstanding it is directed against the action of a judicial board, and in such a case a court of equity may do justice even though no error is found in the proceedings.

*W. H. Lane* and *C. O. Beals*, for plaintiff.
*C. W. McCleery*, contra.

CRAINE, J.; DONAHUE, J., and TAGGART, J., concur.

Benoni Stemen vs Baker G. Hizey et al is an action brought in this court by appeal from the court of common pleas and the questions presented to this court are raised by a motion to strike out certain matters from the petition; and also a demurrer is filed, and we think the demurrer reaches the questions in this case. The demurrer reads as follows:

"Now come the defendants, trustees, and demur to the petition for the following reasons:

"1st. That the court has no jurisdiction of the subject of the action.

"2d. That the petition does not state facts sufficient to constitute a cause of action.

"3d.   It appears from the petition that the plaintiff has an adequate remedy at law."

Briefly stated the history of this case is as follows:

The trustees of Violet township, Fairfield county, Ohio, on petition of certain property owners, passed a resolution for the construction of a township tile ditch.   In the construction of that ditch they assessed a portion of the expense upon this plaintiff.   The plaintiff claims that this amount so assessed upon him was unreasonable and unjust and that he should not be compelled to pay any part of it, for the reason that he received no benefit from the tiling of the ditch; and he brought an action in the court of common pleas to enjoin the collection of that assessment upon him so made by the trustees.   The defendant filed a motion asking to have certain matters in the petition stricken out, and while that motion was pending the plaintiff filed a motion to strike off that motion, which the court sustained.   Thereupon a demurrer was filed to the petition, which was overruled by the court of common pleas and a judgment was taken on the petition and evidence of the plaintiff below, without any controversy on the part of the defendant, and the case was brought into this court, and the demurrer is up for hearing here.   The contention of the defendant is this:   that a court of equity can not attack by injunction the judgment of a judicial board; that if the plaintiff has any remedy at all, it is by appeal or error.   With that contention of the defendant, we are in accord, if there is a provision for error or appeal.

The question presented then is this:   Could this plaintiff appeal or could he prosecute error from the judgment of the trustees of Violet township in assessing him for the construction of this ditch, when he received no benefit from it?   We are cited to certain sections of the statutes.

The court then read from Section 4533, as follows:

"Any person interested in the location of such ditch, or in the amount of compensation and damages determined upon by the trustees, may take an appeal from the proceedings of the trustees to the probate court of the county."

Then when the appeal has been taken, the probate court un-

der Section 4536 shall examine the same and determine whether the preliminary steps for the appeal have been taken properly. If it finds that the steps have been taken properly, the matter is submitted to a jury and Section 4539 provides what the jury may find.  [Here the court read Section 4539.]

It will be noticed from the section just read, an appeal may be taken from three questions enumerated in the section; but whether or not this plaintiff has been assessed an amount exceeding the benefits derived from it, is not one of the questions that may be appealed from.  So that no appeal lies from the question in this lawsuit.

The next question is: Does error lie?  Appeal does not lie, but counsel for defendant claims that error lies thereto.  [The court here read Section 6708.]

Here was a board of township trustees that was exercising judicial functions, and under the section of the statutes their proceedings may be reversed, vacated or modified by the court of common pleas.  We think that is where the error appears upon the record of that board.  If an error appears upon the records of the board that would be upon the minutes of the township clerk.  We suppose that a transcript of that record might be brought up, and the court might review it, but the question whether or not the amount assessed against the plaintiff was just or unjust, or whether he received full value, is a matter that we insist can not appear upon that record.  There is no provision for a bill of exceptions, and how could that question be raised in the court of common pleas on error under this particular statute?

We are also cited to another section of the statute, Section 4560. This is under the head of township ditches.  [Section 4560 read.]

In other words, this section of the statute provides that when an action is brought to enjoin an assessment the same proceedings shall be had as provided in the case of county ditches.  That is found under Section 4491, which is as follows:

"The court in which any proceeding is brought to recover any tax or assessment paid (that is not the case here), or to declare void the proceedings to locate or establish any ditch (that is not the case here) or to enjoin any tax or assessment levied or ordered

to be levied to pay for the labor and expense aforesaid (that is the case here).''

The court read this section to the end thereof and continued:

All these things may be done. It seems that the court may go into all these incidents, as to whether it is conducive to the public health; whether the assessment is unjust or unfair, when an action is brought to enjoin the assessment. But here is a man that under the allegations of his petition claims the assessment is unjust. I will read that portion of the petition:

''Plaintiff further says that said apportionments and costs as assessed against him by the defendants, the said trustees of Violet township, are grossly unjust and unfair, and that had the same been made according to benefits, no part of the cost and expenses of said Bowen ditch improvement would have been apportioned or assessed against him, for any part of said tile ditch, and that said apportionment to this plaintiff is grossly in excess of benefits conferred upon him by said ditch improvement.''

Does not that constitute ground for injunction? It is pretty fundamental and needs no discussion that you can not take private property for public use, unless the person owning it gets full value received. It is the principle of assessment that you must give the owner value for it. He must derive some benefit from that improvement equal to the amount he may have to pay. He says it is unjust; there is no provision for appeal; there is no provision for error. He comes into a court of equity and asks that the trustees be enjoined. When he makes a *prima facie* case in his petition, the court may hear it and do all things found under that section of the statute. Even if the court find no error, it may go ahead and give him complete justice.

We think this action is properly brought and that the demurrer in this case should be overruled, because the petition does state a cause of action. As to the motion, it will be overruled too because it simply performs the office of a demurrer. We think this action is properly brought, as this section provides for injunction and it recognizes the fact that injunction may be brought under some circumstances.

Judgment will be rendered for the plaintiff with costs. Exceptions will be noted for defendant.